# EXHIBIT A

> This is not the official court record. Official records of court proceedings may only
> be obtained directly from the court maintaining a particular record.

## BLAIKE ANDERSON v. TRACK GROUP AMERICAS, INC., TRACK GROUP, INC., EMERGE MONITORING, INC.

| | |
|---|---|
| Case Number | 49D05-1906-CT-025442 |
| Court | Marion Superior Court, Civil Division 5 |
| Type | CT - Civil Tort |
| Filed | 06/24/2019 |
| Status | 06/24/2019 , Pending  (active) |

## Parties to the Case

Defendant   TRACK GROUP AMERICAS, INC.

| Attorney | Bruce Benjamin Paul |
|---|---|
| | *#2573110, Lead, Retained* |
| | 323 East Court Avenue<br>Jeffersonville, IN 47130<br>812-282-7566(W) |
| Attorney | Chelsea Renee Stanley |
| | *#3277022, Retained* |
| | 323 E. Court Ave.<br>Jeffersonville, IN 47130<br>(812) 218-1705(W) |

Defendant   TRACK GROUP, INC.

| Attorney | Bruce Benjamin Paul |
|---|---|
| | *#2573110, Lead, Retained* |
| | 323 East Court Avenue<br>Jeffersonville, IN 47130<br>812-282-7566(W) |
| Attorney | Chelsea Renee Stanley |
| | *#3277022, Retained* |
| | 323 E. Court Ave.<br>Jeffersonville, IN 47130<br>(812) 218-1705(W) |

Defendant   EMERGE MONITORING, INC.

| Attorney | Bruce Benjamin Paul |
| | *#2573110, Lead, Retained* |
| | 323 East Court Avenue |
| | Jeffersonville, IN 47130 |
| | 812-282-7566(W) |
| Attorney | Chelsea Renee Stanley |
| | *#3277022, Retained* |
| | 323 E. Court Ave. |
| | Jeffersonville, IN 47130 |
| | (812) 218-1705(W) |

| Plaintiff | ANDERSON, BLAIKE |
| Attorney | Eric Stephen Pavlack |
| | *#2177349, Lead, Retained* |
| | 50 E. 91st St |
| | Suite 317 |
| | Indianapolis, IN 46240 |
| | 317-251-1100(W) |
| Attorney | Colin E Flora |
| | *#2991449, Retained* |
| | 50 E. 91st St |
| | Suite 317 |
| | Indianapolis, IN 46240 |
| | 317-251-1100(W) |

## Chronological Case Summary

| 06/24/2019 | **Case Opened as a New Filing** |

| 06/24/2019 | **Complaint/Equivalent Pleading Filed** |
| | COMPLAINT FOR DAMAGES |
| | Filed By: | ANDERSON, BLAIKE |
| | File Stamp: | 06/24/2019 |

| 06/24/2019 | **Appearance Filed** |
| | APPEARANCE BY ATTORNEYS IN CIVIL CASE |
| | For Party: | ANDERSON, BLAIKE |
| | File Stamp: | 06/24/2019 |

| 06/24/2019 | **Subpoena/Summons Filed** |
| | SUMMONS |
| | Filed By: | ANDERSON, BLAIKE |
| | File Stamp: | 06/24/2019 |

| 06/24/2019 | **Subpoena/Summons Filed** |
| | SUMMONS |
| | Filed By: | ANDERSON, BLAIKE |
| | File Stamp: | 06/24/2019 |

| 06/24/2019 | **Subpoena/Summons Filed** |
|---|---|
| | SUMMONS |

| | Filed By: | ANDERSON, BLAIKE |
|---|---|---|
| | File Stamp: | 06/24/2019 |

| 07/01/2019 | **Service Returned Served (E-Filing)** |
|---|---|
| | Verified Proof of Service |

| | Filed By: | ANDERSON, BLAIKE |
|---|---|---|
| | File Stamp: | 07/01/2019 |

| 07/01/2019 | **Service Returned Served (E-Filing)** |
|---|---|
| | Verified Proof of Service |

| | Filed By: | ANDERSON, BLAIKE |
|---|---|---|
| | File Stamp: | 07/01/2019 |

| 07/09/2019 | **Subpoena/Summons Filed** |
|---|---|
| | Alias Summons - Track Group, Inc. |

| | Filed By: | TRACK GROUP, INC. |
|---|---|---|
| | File Stamp: | 07/09/2019 |

| 07/18/2019 | **Appearance Filed** |
|---|---|
| | Appearance for Defendants |

| | For Party: | TRACK GROUP AMERICAS, INC. |
|---|---|---|
| | For Party: | TRACK GROUP, INC. |
| | For Party: | EMERGE MONITORING, INC. |
| | File Stamp: | 07/18/2019 |

| 07/18/2019 | **Motion for Enlargement of Time Filed** |
|---|---|
| | Defendants' Unopposed Motion for Initial Extension of Time to Respond to Complaint |

| | Filed By: | TRACK GROUP AMERICAS, INC. |
|---|---|---|
| | Filed By: | TRACK GROUP, INC. |
| | Filed By: | EMERGE MONITORING, INC. |
| | File Stamp: | 07/18/2019 |

| 07/19/2019 | **Order Granting Motion for Enlargement of Time** |
|---|---|
| | Up to and including 08/19/19 |

| | Judicial Officer: | Chavis, John M.T., II |
|---|---|---|
| | Order Signed: | 07/19/2019 |

| 07/20/2019 | **Automated ENotice Issued to Parties** |
|---|---|
| | Order Granting Motion for Enlargement of Time ---- 7/19/2019 : Bruce Benjamin Paul;Chelsea Renee Stanley |

| 07/22/2019 | **Service Returned Served (E-Filing)** |
|---|---|
| | Verified Proof of Service |

| | Filed By: | ANDERSON, BLAIKE |
|---|---|---|
| | File Stamp: | 07/22/2019 |

## Financial Information

* Financial Balances reflected are current representations of transactions processed by the Clerk's Office. Please note that any balance due does not reflect interest that has accrued – if applicable – since the last payment. For questions/concerns regarding balances shown, please contact the Clerk's Office.

**ANDERSON, BLAIKE**

Plaintiff

Balance Due (as of 08/12/2019)

**0.00**

Charge Summary

| Description | Amount | Credit | Payment |
|---|---|---|---|
| Court Costs and Filing Fees | 157.00 | 0.00 | 157.00 |

Transaction Summary

| Date | Description | Amount |
|---|---|---|
| 06/24/2019 | Transaction Assessment | 157.00 |
| 06/24/2019 | Electronic Payment | (157.00) |

This is not the official court record. Official records of court proceedings may only
be obtained directly from the court maintaining a particular record.

**49D05-1906-CT-025442**

Marion Superior Court, Civil Division 5

Filed: 6/24/2019 4:12 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION COUNTY CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| BLAIKE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| TRACK GROUP AMERICAS, | ) |
| INC., TRACK GROUP, INC., | ) |
| and EMERGE | ) |
| MONITORING, INC., | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT

Plaintiff Blaike Anderson, by counsel, for his Complaint against Track Group Americas, Inc.; Track Group, Inc.; and Emerge Monitoring, Inc., alleges and states as follows:

1.      On or about February 27, 2019, Plaintiff Blaike Anderson suffered serious and permanent injuries when the Court-ordered ankle monitor he was wearing caught fire.

## PARTIES

2.      At all times relevant to this Complaint, Plaintiff Blaike Anderson is and was a resident of the state of Indiana.

3.      Track Group Americas, Inc. is a for-profit corporation organized under the laws of the state of Utah, with its principal office located at 200 E. 5th Avenue, Unit 100, Naperville, IL 60563. Track Group Americas, Inc. has no agent for service registered in the state of Indiana.

4.      Track Group, Inc. is a for-profit corporation organized under the laws

of the state of Delaware, with its principal office located at 405 South Main Street, Suite 700, Salt Lake City, UT 84111. Track Group, Inc. has no agent for service registered in the state of Indiana.

5.      Emerge Monitoring, Inc., is a for-profit corporation organized under the laws of the state of Florida. Emerge Monitoring, Inc.'s registered agent for service in the state of Indiana is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

## STATEMENT OF JURISDICTION

6.      Defendants manufacture, sell, market, and distribute monitoring devices that are used by law enforcement agencies.

7.      Defendants engage in business in the state of Indiana and supply goods to be furnished in Indiana, and, therefore, have subjected themselves to general personal jurisdiction pursuant to Ind. Trial Rule 4.4(A).

8.      The ankle monitor that caused Plaintiff's injuries was worn by Plaintiff in compliance with a court-mandated order stemming from a prior criminal case.

## FACTS

9.      As a result of an alleged criminal matter, Plaintiff Blaike Anderson was ordered to home detention and to be monitored with an ankle monitor.

10.      As required by court order, Mr. Anderson contracted with Defendants to use a monitor owned by Defendants.

11.      On or about February 27, 2019, Mr. Anderson was at his home, when the ankle monitor that was attached to his left ankle caught fire.

12.     Anderson suffered severe and permanent physical injuries as a direct and proximate result of this incident.

13.     This action has been brought within two (2) years after the cause of action has accrued.

14.     Mr. Anderson was unaware of the monitor's propensity to catch fire, overheat, explode, or otherwise malfunction prior to wearing the monitor or at any time while he was wearing the monitor.

15.     Mr. Anderson did not discover the monitor's proclivity to catch fire, overheat, explode, or otherwise malfunction until it actually caught on fire.

16.     Neither Mr. Anderson nor anyone else modified the ankle monitor in any manner that contributed to it catching fire and causing Mr. Anderson's injuries.

17.     The nature of the ankle monitor is not one that requires consumers to take precautions to ensure that it does not overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

18.     The nature of the ankle monitor is as a product designed to be worn without alteration to the contents.

19.     Proclivity to catch fire, overheat, explode, or otherwise malfunction are not conditions reasonable consumers would expect to find in such monitoring devices.

20.     Mr. Anderson seeks all recovery afforded to him under the law, including recovery for his physical injuries, disfigurement, emotional distress, and emotional and physical anguish.

3

## Count I: Strict Liability for Manufacturing Defect

21.    Mr. Anderson incorporates all allegations of this Complaint as though

fully stated here, including the allegations of Counts II & III, except to the extent

that they are in conflict with the allegations stated in Count I.

22.    The ankle monitor was in a defective condition when it was provided to

Mr. Anderson by a retailer of Defendants' products.

23.    The ankle monitor deviated from its intended design.

24.    At the time the ankle monitor was conveyed to Mr. Anderson, it was in

a condition not contemplated by reasonable persons among those considered

expected users of the product.

25.    Mr. Anderson was an expected user of the ankle monitor.

26.    Reasonable users of the ankle monitor would not expect it to overheat,

explode, or otherwise malfunction in such a catastrophic way as to cause injury.

27.    The proclivity of the ankle monitor to overheat, explode, or otherwise

malfunction in such a catastrophic way as to cause injury to its wearer renders the

ankle monitor unreasonably dangerous to a user who reasonably uses the product

as expected, i.e. wearing it without such device causing injury.

28.    Mr. Anderson's reasonable expectation for the ankle monitor was for

the device to monitor his actions while he fulfilled his obligations under the terms of

the court order.

29.    Defendants are the manufacturer of the ankle monitor.

30.    Defendants have caused the ankle monitor to be placed into the stream

4

of commerce.

31.    Mr. Anderson is within the class of consumers who Defendants should reasonably foresee as being subject to the harm caused by the defective condition of the ankle monitor.

32.    Mr. Anderson's use of the ankle monitor by wearing it is the reasonably expected use of the product.

33.    Specifically, Mr. Anderson is a consumer who was provided and used the ankle monitor in compliance with the terms of a court order.

34.    The danger of wearing a device that may overheat, explode, or otherwise malfunction in such a catastrophic way so as to cause injury to its wearer is the type of harm a consumer such as Mr. Anderson is reasonably likely to suffer when furnished with a defective device such as the device issued to Mr. Anderson.

35.    Defendants are engaged in the business of manufacturing, selling, marketing, and distributing monitoring devices such as the ankle monitor at issue in this case.

36.    The ankle monitor was expected to and actually did reach Mr. Anderson without substantial alteration in the condition in which Defendants manufactured it.

37.    The ankle monitor was in a defective condition when it left the control of Defendants.

38.    The ankle monitor had a proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer when it left

the control of Defendants.

39.     The defective condition of the ankle monitor was the proximate cause of Mr. Anderson's injuries.

40.     The defective condition of the ankle monitor was the actual cause of Mr. Anderson's injuries.

41.     The ankle monitor was not in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, and labeled.

42.     The defect of the ankle monitor was not the result of compliance with applicable codes, standards, regulations, or specifications.

43.     For these reasons, Defendants are strictly liable to Mr. Anderson, pursuant to the Indiana Product Liability Act.

### Count II: Failure to Warn

44.     Mr. Anderson incorporates all allegations of this Complaint as though fully stated here, including the allegations of Counts I & III, except to the extent that they are in conflict with the allegations stated in Count II.

45.     Defendants supplied the ankle monitor in an unreasonably dangerous condition.

46.     The danger posed by the ankle monitor was a non-obvious danger concealed by the design of the product.

47.     Defendants knew or had reason to know that the ankle monitor was likely to be dangerous to a consumer when worn in the reasonably expected manner

6

that Mr. Anderson utilized.

48.    Defendants supplied the ankle monitor in an unreasonably dangerous condition.

49.    Defendants provided no warning of the danger posed by the ankle monitor's proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

50.    Defendants provided no instruction that would have removed the danger posed by the ankle monitor's proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

51.    The failure to warn and/or provide adequate instructions was the proximate cause of Mr. Anderson's injuries.

52.    The failure to warn and/or provide adequate instructions of a dangerous item is the foreseeable cause of injuries sustained by wearing of the dangerous item.

53.    The failure to warn and/or provide adequate instructions was the proximate cause of Mr. Anderson's injuries.

54.    Had Defendants warned and/or instructed Mr. Anderson of the ankle monitor's proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way so as to cause injury to its wearer, Mr. Anderson would not have been injured.

55.    For these reasons, Defendants are liable to Mr. Anderson, pursuant to the Indiana Product Liability Act, for failure to provide adequate instruction and/or

7

warn of a danger.

### Count III: Negligence for Design Defect (in the alternative)

56.     Mr. Anderson incorporates all allegations of this Complaint as though fully stated here, including the allegations of Counts I & II, except to the extent that they are in conflict with the allegations stated in Count III.

57.     Count III is pleaded in the alternative to Count I.

58.     Defendants, as the manufacturer of the ankle monitor, had a duty to design the ankle monitor to be free of flaws that cause injury in the product's expected use.

59.     Defendants' duties extended to Mr. Anderson as a reasonably foreseeable and expected user of the ankle monitor.

60.     Mr. Anderson's use of the ankle monitor was the expected use of the product.

61.     Defendants breached their duties to Mr. Anderson by designing the ankle monitor such that it had a proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

62.     The defective condition of the ankle monitor was the proximate cause of Mr. Anderson's injuries.

63.     The defective condition of the ankle monitor was the actual cause of Mr. Anderson's injuries.

64.     The ankle monitor could have been designed to have prevented the injury to Mr. Anderson.

65.     The alternative designs for the ankle monitor are cost-effective.

66.     For these reasons, Defendants are liable to Mr. Anderson for their negligence, pursuant to the Indiana Product Liability Act.

WHEREFORE, Plaintiff respectfully requests judgment in an amount that will fairly compensate him for the losses and damages he has and will sustain as a result of Defendants' actions, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a jury trial on all of his claims.

Respectfully submitted,

/s/ *Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

9

STATE OF INDIANA )     MARION COUNTY CIRCUIT/SUPERIOR COURT
) SS:
COUNTY OF MARION )     CAUSE NO. _____

| | |
|---|---|
| BLAIKE ANDERSON, )  |  |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **JURY TRIAL DEMANDED** |
| ) | |
| TRACK GROUP AMERICAS, ) | |
| INC., TRACK GROUP, INC., ) | |
| and EMERGE ) | |
| MONITORING, INC., ) | |
| ) | |
| Defendants. ) | |

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:

Initiating <u>X</u>         Responding ___         Intervening __

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Plaintiff Blaike Anderson</u>

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

> Eric S. Pavlack, #21773-49
> Colin E. Flora, #29914-49
> Pavlack Law, LLC
> 50 E. 91st St., Ste. 317
> Indianapolis, IN 46240
> (317) 251-1100
> (317) 252-0352 *fax*
> *Eric@PavlackLawFirm.com*
> *Colin@PavlackLawFirm.com*

3. There are other party members: Yes __ No <u>X</u>  (If yes, list on continuation page)

4. *If first initiating party filing this case:* the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5. I will accept service by FAX at the above-noted number: Yes __ No <u>X</u>

6. This case involves support issues. Yes __ No  X
(If yes, supply social security numbers for all family members on continuation page)

7. There are related cases: Yes ___ No  X  (If yes, list on continuation page)

8. This form has been served on all other parties.  Certificate of Service is attached:
Yes X  No ___.

9. Additional information required by local rule:

                                    Respectfully submitted,

                                    /s/ Eric S. Pavlack
                                    Eric S. Pavlack, #21773-49
                                    Colin E. Flora, #29914-49
                                    Pavlack Law, LLC
                                    50 E. 91st St., Ste. 317
                                    Indianapolis, IN 46240
                                    (317) 251-1100
                                    (317) 252-0352 fax
                                    Eric@PavlackLawFirm.com
                                    Colin@PavlackLawFirm.com

**49D05-1906-CT-025442**

Marion Superior Court, Civil Division 5

Filed: 6/24/2019 4:12 PM
Clerk
Marion County, Indiana

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION COUNTY CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| BLAIKE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| TRACK GROUP AMERICAS, | ) |
| INC., TRACK GROUP, INC., | ) |
| and EMERGE | ) |
| MONITORING, INC., | ) |
| | ) |
| Defendants. | ) |

**JURY TRIAL DEMANDED**

### SUMMONS

**TO DEFENDANT:**   TRACK GROUP AMERICAS, INC.
200 E. 5th Avenue, Unit 100
Naperville, IL 60563

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint, which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: 6/24/2019     _____ (Seal)
Clerk, Superior/Circuit Court of Marion County

(The following manner of service of summons is hereby designated.)



X     Registered or certified mail
       Service on individual - (Personal or copy) at above address
       Service at place of employment, to-wit:
       Service on agent. (Specify)
       Other Service. (Specify)

1

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____ day of _____, 2019:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of and mailing a copy;

(3) Other Service or Remarks: _____

Sheriff's Costs                                   Sheriff

                              By:

                                                  Deputy

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2019, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Clerk of the Circuit/Superior Court of Marion County

Dated: _____, 2019.          By:

                                                  Deputy

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____ was accepted by the defendant on the _____ day of _____, 2019.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2019.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____was accepted by _____ on behalf of said defendant on the _____ day of _____, 2019.

Clerk of the Circuit/Superior Court of Marion County

                              By:

                                                  Deputy

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION COUNTY CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | |
|---|---|
| BLAIKE ANDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) **JURY TRIAL DEMANDED** |
| | ) |
| TRACK GROUP AMERICAS, | ) |
| INC., TRACK GROUP, INC., | ) |
| and EMERGE | ) |
| MONITORING, INC., | ) |
| | ) |
| Defendants. | ) |

### SUMMONS

**TO DEFENDANT:**   TRACK GROUP, INC.
405 South Main Street, Suite 700
Salt Lake City, UT 84111

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint, which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: __6/24/2019__                        _Myla A. Eldridge_____(Seal)
Clerk, Superior/Circuit Court of Marion County



(The following manner of service of summons is hereby designated.)

|   |   |   |
|---|---|---|
| | X | Registered or certified mail |
| | | Service on individual - (Personal or copy) at above address |
| | | Service at place of employment, to-wit: |
| | | Service on agent. (Specify) |
| | | Other Service. (Specify) |

1

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

       I hereby certify that I have served this summons on the _____day of _____, 2019:

       (1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

       (2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of and mailing a copy;

       (3) Other Service or Remarks:
_____

Sheriff's Costs                        Sheriff

                               By:

                       Deputy

**CLERK'S CERTIFICATE OF MAILING**

       I hereby certify that on the _____ day of _____, 2019, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Clerk of the Circuit/Superior Court of Marion County

Dated: _____, 2019.      By:

                       Deputy

**RETURN ON SERVICE OF SUMMONS BY MAIL**

       I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____ was accepted by the defendant on the _____ day of _____, 2019.

       I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2019.

       I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____was accepted by _____ on behalf of said defendant on the _____ day of _____, 2019.

Clerk of the Circuit/Superior Court of Marion County

                    By:

                       Deputy

2

STATE OF INDIANA        )       MARION COUNTY CIRCUIT/SUPERIOR COURT
                        ) SS:
COUNTY OF MARION        )       CAUSE NO. _____

BLAIKE ANDERSON,              )
                              )
        Plaintiff,            )
                              )
v.                            )       **JURY TRIAL DEMANDED**
                              )
TRACK GROUP AMERICAS,         )
INC., TRACK GROUP, INC.,      )
and EMERGE                    )
MONITORING, INC.,             )
                              )
        Defendants.           )

**SUMMONS**

**TO DEFENDANT:**    EMERGE MONITORING, INC.
                     c/o Corporation Service Company
                     135 North Pennsylvania Street, Suite 1610
                     Indianapolis, IN 46204

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint, which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: _6/24/2019_                _Myla A. Eldridge_____(Seal)
                                  Clerk, Superior/Circuit Court of Marion County

        (The following manner of service of summons is hereby designated.)

        X       Registered or certified mail
                Service on individual - (Personal or copy) at above address.
                Service at place of employment, to-wit:
                Service on agent. (Specify)
                Other Service. (Specify)

1

**SHERIFF'S RETURN ON SERVICE OF SUMMONS**

I hereby certify that I have served this summons on the _____day of _____, 2019:

(1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

(2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of and mailing a copy;

(3) Other Service or Remarks:
_____

Sheriff's Costs                                     Sheriff

                                    By:

                                         Deputy

**CLERK'S CERTIFICATE OF MAILING**

I hereby certify that on the _____ day of _____, 2019, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Clerk of the Circuit/Superior Court of Marion County

Dated: _____, 2019.        By:

                                         Deputy

**RETURN ON SERVICE OF SUMMONS BY MAIL**

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____ was accepted by the defendant on the _____ day of _____, 2019.
I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2019.
I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____was accepted by _____ on behalf of said defendant on the _____ day of _____, 2019.

Clerk of the Circuit/Superior Court of Marion County

                          By:
                               Deputy

2

STATE OF INDIANA
IN THE SUPERIOR COURT NO. 5 OF MARION COUNTY

BLAIKE ANDERSON,

      PLAINTIFF,

v.

                                 CAUSE NO. 49D05-1906-CT-025442

TRACK GROUP AMERICAS, INC.,
TRACK GROUP, INC., and EMERGE
MONITORING, INC.,

      DEFENDANTS.

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:  Initiating ☐   Responding ☒   Intervening ☐

1.    The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s):  <u>Track Group Americas, Inc., Track Group, Inc., and Emerge Monitoring, Inc.</u>

2.    Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

| Bruce B. Paul | Attorney No.: | 25731-10 |
|---|---|---|
| STITES & HARBISON PLLC | Phone: | (812) 218-1701 |
| 323 East Court Avenue | FAX: | (812) 284-5519 |
| P. O. Box 946 | Email: | bpaul@stites.com |
| Jeffersonville, IN  47131-0946 | | |

| Chelsea R. Stanley | Attorney No.: | 32770-22 |
|---|---|---|
| STITES & HARBISON PLLC | Phone: | (812) 218-1705 |
| 323 East Court Avenue | FAX: | (502) 223-4382 |
| P. O. Box 946 | Email: | cstanley@stites.com |
| Jeffersonville, IN  47131-0946 | | |

**(Supply information for additional attorneys on continuation page.)**

3.    There are other party members: Yes ☐  No ☒ (If yes, list on continuation page.)

4.      If first initiating party filing case, Clerk is requested to assign case the following Case Type under Administrative Rule 8(b)(3):  n/a

5.      Will Accept FAX service:  No.

6.      This form has been served on all other parties.  Certificate of Service is attached:      Yes ☒ No ☐

/s/ *Bruce B. Paul*
Bruce B. Paul

CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of July, 2019, a copy of the foregoing document was filed and served through Indiana's e-filing system, and an electronic copy has been served upon:

Eric S. Pavlack
eric@pavlacklawfirm.com

Colin E. Flora
Colin@pavlacklawfirm.com

/s/ *Bruce B. Paul*
Bruce B. Paul

161906:1

Filed: 7/18/2019 4:14 PM
Clerk
Marion County, Indiana

STATE OF INDIANA
IN THE SUPERIOR COURT NO. 5 OF MARION COUNTY

BLAIKE ANDERSON,

       PLAINTIFF,

v.                                                    CAUSE NO. 49D05-1906-CT-025442

TRACK GROUP AMERICAS, INC.,
TRACK GROUP, INC., and EMERGE
MONITORING, INC.,

       DEFENDANTS.

## DEFENDANTS' UNOPPOSED MOTION FOR
## INITIAL EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendants Track Group Americas, Inc., Track Group, Inc., and Emerge Monitoring, Inc., by counsel, move the Court for an order extending the time within which Defendants are to respond to Plaintiff's Complaint, to and including the 19th day of August, 2019.  As grounds for their motion, Defendants state as follows:

1.     Defendants' response is currently due on July 19, 2019.

2.     Defendants have recently retained counsel to defend the complaint.

3.     Defendants seek an extension of its responsive deadline until August 19, 2019.

4.     This is Defendants' first request for an extension of time and is not made for the purposes of delay.

5.     Plaintiff's counsel consents to and agrees with this extension.

WHEREFORE, Defendants Track Group Americas, Inc., Track Group, Inc., and Emerge Monitoring, Inc. respectfully request that this Court enter an order

extending the time within which they are to respond to the complaint, to and

including August 19, 2019.

/s/ *Bruce B. Paul*
Bruce B. Paul, Bar No. 25731-10
bpaul@stites.com
Chelsea R. Stanley, Bar No. 32770-22
cstanley@stites.com
**STITES & HARBISON PLLC**
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:  (812) 282-7566

COUNSEL FOR DEFENDANTS,
TRACK GROUP AMERICAS, INC.,
TRACK GROUP, INC., and EMERGE
MONITORING, INC.

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 18th day of July, 2019, a copy of the foregoing document was filed and served through Indiana's e-filing system, and an electronic copy has been served upon:

Eric S. Pavlack                     Colin E. Flora
eric@pavlacklawfirm.com             Colin@pavlacklawfirm.com

/s/ *Bruce B. Paul*
Bruce B. Paul

161907:1

STATE OF INDIANA
IN THE SUPERIOR COURT NO. 5 OF MARION COUNTY

BLAIKE ANDERSON,

        PLAINTIFF,

v.

TRACK GROUP AMERICAS, INC.,
TRACK GROUP, INC., and EMERGE
MONITORING, INC.,

        DEFENDANTS.

SENT TO COMPULAW 7-22-19

CAUSE NO. 49D05-1906-CT-025442

**F I L E D**
July 19, 2019
*Myla A. Eldridge*
CLERK OF THE COURT
MARION COUNTY
AG

**ORDER GRANTING EXTENSION
OF TIME TO RESPOND TO COMPLAINT**

Defendants Track Group Americas, Inc., Track Group, Inc., and Emerge

Monitoring, Inc. filed their Motion for Extension of Time to Respond to Complaint.

The Court being fully advised GRANTS the request and extends the answer

deadline for Defendants to respond to Plaintiff's Complaint, to and including August

19, 2019.

SO ORDERED      **July 19, 2019**    .

                               
Judge, Marion Superior Court No. 5

Tendered by:

Bruce B. Paul, Bar No. 25731-10
bpaul@stites.com
Chelsea R. Stanley, Bar No. 32770-22
cstanley@stites.com
**STITES & HARBISON PLLC**
323 East Court Avenue
Jeffersonville, IN  47130
Telephone:  (812) 282-7566

COUNSEL FOR DEFENDANTS,
TRACK GROUP AMERICAS, INC.,
TRACK GROUP, INC., and EMERGE
MONITORING, INC.


Distribute copies to:

       Eric S. Pavlack                   Colin E. Flora
       eric@pavlacklawfirm.com       Colin@pavlacklawfirm.com

       Bruce B. Paul                     Chelsea R. Stanley
       bpaul@stites.com                cstanley@stites.com


161908:1

STATE OF INDIANA      )      MARION COUNTY CIRCUIT/SUPERIOR COURT
                      ) SS:
COUNTY OF MARION      )      CAUSE NO. 49D05-1906-CT-25442

BLAIKE ANDERSON,          )
                          )
      Plaintiff,          )
                          )
v.                        )
                          )
TRACK GROUP AMERICAS,     )
INC., TRACK GROUP, INC.,  )
and EMERGE                )
MONITORING, INC.,         )
                          )
      Defendants.          )

## <u>VERIFIED PROOF OF SERVICE</u>

Plaintiff, by counsel, provides the following proof of service of a Summons and Complaint upon Defendant Track Group, Inc.:

1.      On June 25, 2019, the undersigned counsel served the Summons, Complaint, Appearance and discovery upon the above Defendant, via Certified Mail, return receipt requested, to the address listed on the Summons.

2.      Counsel recently received confirmation that the Summons, Complaint, Appearance and discovery have been served upon the above Defendant. A copy of the return receipt is attached hereto as Exhibit A.

                    Respectfully submitted,

                    */s/ Eric S. Pavlack*
                    Eric S. Pavlack, #21773-49
                    Colin E. Flora, #29914-49
                    Pavlack Law, LLC
                    50 E. 91st St., Ste. 317
                    Indianapolis, IN 46240
                    (317) 251-1100
                    (317) 252-0352 *fax*
                    *Eric@PavlackLawFirm.com*

*Colin@PavlackLawFirm.com*

## **VERIFICATION**

I hereby affirm under the penalties for perjury that the foregoing

representations are true and accurate to the best of my personal knowledge and

belief.

<u>July 22, 2019</u>
Date                                                        Eric S. Pavlack

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing was filed with the Court's ECF

system on July 22, 2019. Notice of this filing will be sent automatically by operation

of the Court's system to all counsel of record.

<u>/s/ *Eric S. Pavlack*</u>
Eric S. Pavlack

2

EXHIBIT A

U.S. Postal Service™
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees (check box, add fee as appropriate)
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)      $ _____          Postmark
☐ Certified Mail Restricted Delivery $ _____          Here
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postage
$

Total Postage and Fee
$

Sent To
TRACK GROUP, INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

Street and Apt. No., or
City, State, ZIP+4®

7019 0160 0000 2606 1564

PS Form 3800, April 2015 PSN 7530-02-000-9047        See Reverse for Instructions

---

**SENDER:** *COMPLETE THIS SECTION*

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

TRACK GROUP, INC.
c/o Corporation Service Company
251 Little Falls Drive
Wilmington, DE 19808

9590 9402 5038 9092 4343 55

2. Article Number *(Transfer from service label)*
7019 0160 0000 2606 1564

*COMPLETE THIS SECTION ON DELIVERY*

A. Signature
X *Samy Aze*          ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*     C. Date of Delivery

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                    ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☑ Certified Mail®                    ☐ Registered Mail Restricted
☐ Certified Mail Restricted Delivery    Delivery
☐ Collect on Delivery                ☐ Return Receipt for
☐ Collect on Delivery Restricted Delivery  Merchandise
☐ ... tricted Delivery               ☐ Signature Confirmation™
                                     ☐ Signature Confirmation
                                        Restricted Delivery

PS Form 3811, July 2015 PSN 7530-02-000-9053        Domestic Return Receipt

Filed: 7/9/2019 1:44 PM
Clerk
Marion County, Indiana

STATE OF INDIANA     )     MARION COUNTY CIRCUIT/SUPERIOR COURT
                        ) SS:
COUNTY OF MARION     )     CAUSE NO. 49D05-1906-CT-25442

| | |
|---|---|
| BLAIKE ANDERSON,     ) | |
|        ) | |
|     Plaintiff,     ) | |
|        ) | |
| v.     ) | **JURY TRIAL DEMANDED** |
|        ) | |
| TRACK GROUP AMERICAS,     ) | |
| INC., TRACK GROUP, INC.,     ) | |
| and EMERGE     ) | |
| MONITORING, INC.,     ) | |
|        ) | |
|     Defendants.     ) | |

### ALIAS SUMMONS

**TO DEFENDANT:**     TRACK GROUP, INC.
                       c/o Corporation Service Company
                       251 Little Falls Drive
                       Wilmington, DE 19808

You are hereby notified that you have been sued by the person named as plaintiff and in the Court indicated above.

The nature of the suit against you is stated in the complaint, which is attached to this Summons. It also states the relief sought or the demand made against you by the plaintiff.

An answer or other appropriate response in writing to the complaint must be filed either by you or your attorney within twenty (20) days, commencing the day after you receive this Summons, (or twenty-three (23) days if this Summons was received by mail), or a judgment by default may be rendered against you for the relief demanded by plaintiff.

If you have a claim for relief against the plaintiff arising from the same transaction or occurrence, you must assert it in your written answer.

DATED: _7/9/2019_____     _Myla A. Eldridge_____(Seal)
                                 Clerk, Superior/Circuit Court of Marion County

      (The following manner of service of summons is hereby designated.)

           X        Registered or certified mail
                     Service on individual - (Personal or copy) at above address
                     Service at place of employment, to-wit:
                     Service on agent. (Specify)
                     Other Service. (Specify)

MARION COUNTY COURTS

**SEAL**

INDIANA

1

## SHERIFF'S RETURN ON SERVICE OF SUMMONS

I hereby certify that I have served this summons on the _____ day of _____, 2019:

    (1) By delivering a copy of the Summons and a copy of the complaint to the defendant, _____.

    (2) By leaving a copy, and mailing a copy of the Summons and a copy of the complaint at _____ which is the dwelling place or usual place of abode of and mailing a copy;

    (3) Other Service or Remarks: _____

Sheriff's Costs                      Sheriff

                              By:

                              Deputy

## CLERK'S CERTIFICATE OF MAILING

I hereby certify that on the _____ day of _____, 2019, I mailed a copy of this Summons and a copy of the complaint to the defendant, _____, by _____ mail, requesting a return receipt, at the address furnished by the plaintiff.

Clerk of the Circuit/Superior Court of Marion County

Dated: _____, 2019.      By:

                              Deputy

## RETURN ON SERVICE OF SUMMONS BY MAIL

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____ was accepted by the defendant on the _____ day of _____, 2019.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint was returned not accepted on the _____ day of _____, 2019.

I hereby certify that the attached return receipt was received by me showing that the Summons and a copy of the complaint mailed to defendant _____ _____was accepted by _____ on behalf of said defendant on the _____ day of _____, 2019.

Clerk of the Circuit/Superior Court of Marion County

                              By:

                              Deputy

2

| | | |
|---|---|---|
| STATE OF INDIANA | ) | MARION COUNTY CIRCUIT/SUPERIOR COURT |
| | ) SS: | |
| COUNTY OF MARION | ) | CAUSE NO. _____ |

| | | |
|---|---|---|
| BLAIKE ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| TRACK GROUP AMERICAS, | ) | |
| INC., TRACK GROUP, INC., | ) | |
| and EMERGE | ) | |
| MONITORING, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

Plaintiff Blaike Anderson, by counsel, for his Complaint against Track Group Americas, Inc.; Track Group, Inc.; and Emerge Monitoring, Inc., alleges and states as follows:

1.       On or about February 27, 2019, Plaintiff Blaike Anderson suffered serious and permanent injuries when the Court-ordered ankle monitor he was wearing caught fire.

### PARTIES

2.       At all times relevant to this Complaint, Plaintiff Blaike Anderson is and was a resident of the state of Indiana.

3.       Track Group Americas, Inc. is a for-profit corporation organized under the laws of the state of Utah, with its principal office located at 200 E. 5th Avenue, Unit 100, Naperville, IL 60563. Track Group Americas, Inc. has no agent for service registered in the state of Indiana.

4.       Track Group, Inc. is a for-profit corporation organized under the laws

of the state of Delaware, with its principal office located at 405 South Main Street, Suite 700, Salt Lake City, UT 84111. Track Group, Inc. has no agent for service registered in the state of Indiana.

5.     Emerge Monitoring, Inc., is a for-profit corporation organized under the laws of the state of Florida. Emerge Monitoring, Inc.'s registered agent for service in the state of Indiana is Corporation Service Company, 135 North Pennsylvania Street, Suite 1610, Indianapolis, IN 46204.

## STATEMENT OF JURISDICTION

6.     Defendants manufacture, sell, market, and distribute monitoring devices that are used by law enforcement agencies.

7.     Defendants engage in business in the state of Indiana and supply goods to be furnished in Indiana, and, therefore, have subjected themselves to general personal jurisdiction pursuant to Ind. Trial Rule 4.4(A).

8.     The ankle monitor that caused Plaintiff's injuries was worn by Plaintiff in compliance with a court-mandated order stemming from a prior criminal case.

## FACTS

9.     As a result of an alleged criminal matter, Plaintiff Blaike Anderson was ordered to home detention and to be monitored with an ankle monitor.

10.     As required by court order, Mr. Anderson contracted with Defendants to use a monitor owned by Defendants.

11.     On or about February 27, 2019, Mr. Anderson was at his home, when the ankle monitor that was attached to his left ankle caught fire.

12.     Anderson suffered severe and permanent physical injuries as a direct and proximate result of this incident.

13.     This action has been brought within two (2) years after the cause of action has accrued.

14.     Mr. Anderson was unaware of the monitor's propensity to catch fire, overheat, explode, or otherwise malfunction prior to wearing the monitor or at any time while he was wearing the monitor.

15.     Mr. Anderson did not discover the monitor's proclivity to catch fire, overheat, explode, or otherwise malfunction until it actually caught on fire.

16.     Neither Mr. Anderson nor anyone else modified the ankle monitor in any manner that contributed to it catching fire and causing Mr. Anderson's injuries.

17.     The nature of the ankle monitor is not one that requires consumers to take precautions to ensure that it does not overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

18.     The nature of the ankle monitor is as a product designed to be worn without alteration to the contents.

19.     Proclivity to catch fire, overheat, explode, or otherwise malfunction are not conditions reasonable consumers would expect to find in such monitoring devices.

20.     Mr. Anderson seeks all recovery afforded to him under the law, including recovery for his physical injuries, disfigurement, emotional distress, and emotional and physical anguish.

3

## Count I: Strict Liability for Manufacturing Defect

21.    Mr. Anderson incorporates all allegations of this Complaint as though fully stated here, including the allegations of Counts II & III, except to the extent that they are in conflict with the allegations stated in Count I.

22.    The ankle monitor was in a defective condition when it was provided to Mr. Anderson by a retailer of Defendants' products.

23.    The ankle monitor deviated from its intended design.

24.    At the time the ankle monitor was conveyed to Mr. Anderson, it was in a condition not contemplated by reasonable persons among those considered expected users of the product.

25.    Mr. Anderson was an expected user of the ankle monitor.

26.    Reasonable users of the ankle monitor would not expect it to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury.

27.    The proclivity of the ankle monitor to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer renders the ankle monitor unreasonably dangerous to a user who reasonably uses the product as expected, i.e. wearing it without such device causing injury.

28.    Mr. Anderson's reasonable expectation for the ankle monitor was for the device to monitor his actions while he fulfilled his obligations under the terms of the court order.

29.    Defendants are the manufacturer of the ankle monitor.

30.    Defendants have caused the ankle monitor to be placed into the stream

4

of commerce.

31.     Mr. Anderson is within the class of consumers who Defendants should reasonably foresee as being subject to the harm caused by the defective condition of the ankle monitor.

32.     Mr. Anderson's use of the ankle monitor by wearing it is the reasonably expected use of the product.

33.     Specifically, Mr. Anderson is a consumer who was provided and used the ankle monitor in compliance with the terms of a court order.

34.     The danger of wearing a device that may overheat, explode, or otherwise malfunction in such a catastrophic way so as to cause injury to its wearer is the type of harm a consumer such as Mr. Anderson is reasonably likely to suffer when furnished with a defective device such as the device issued to Mr. Anderson.

35.     Defendants are engaged in the business of manufacturing, selling, marketing, and distributing monitoring devices such as the ankle monitor at issue in this case.

36.     The ankle monitor was expected to and actually did reach Mr. Anderson without substantial alteration in the condition in which Defendants manufactured it.

37.     The ankle monitor was in a defective condition when it left the control of Defendants.

38.     The ankle monitor had a proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer when it left

the control of Defendants.

39.    The defective condition of the ankle monitor was the proximate cause of Mr. Anderson's injuries.

40.    The defective condition of the ankle monitor was the actual cause of Mr. Anderson's injuries.

41.    The ankle monitor was not in conformity with the generally recognized state of the art applicable to the safety of the product at the time the product was designed, manufactured, packaged, and labeled.

42.    The defect of the ankle monitor was not the result of compliance with applicable codes, standards, regulations, or specifications.

43.    For these reasons, Defendants are strictly liable to Mr. Anderson, pursuant to the Indiana Product Liability Act.

## Count II: Failure to Warn

44.    Mr. Anderson incorporates all allegations of this Complaint as though fully stated here, including the allegations of Counts I & III, except to the extent that they are in conflict with the allegations stated in Count II.

45.    Defendants supplied the ankle monitor in an unreasonably dangerous condition.

46.    The danger posed by the ankle monitor was a non-obvious danger concealed by the design of the product.

47.    Defendants knew or had reason to know that the ankle monitor was likely to be dangerous to a consumer when worn in the reasonably expected manner

6

that Mr. Anderson utilized.

48.     Defendants supplied the ankle monitor in an unreasonably dangerous condition.

49.     Defendants provided no warning of the danger posed by the ankle monitor's proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

50.     Defendants provided no instruction that would have removed the danger posed by the ankle monitor's proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

51.     The failure to warn and/or provide adequate instructions was the proximate cause of Mr. Anderson's injuries.

52.     The failure to warn and/or provide adequate instructions of a dangerous item is the foreseeable cause of injuries sustained by wearing of the dangerous item.

53.     The failure to warn and/or provide adequate instructions was the proximate cause of Mr. Anderson's injuries.

54.     Had Defendants warned and/or instructed Mr. Anderson of the ankle monitor's proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way so as to cause injury to its wearer, Mr. Anderson would not have been injured.

55.     For these reasons, Defendants are liable to Mr. Anderson, pursuant to the Indiana Product Liability Act, for failure to provide adequate instruction and/or

7

warn of a danger.

## Count III: Negligence for Design Defect (in the alternative)

56.     Mr. Anderson incorporates all allegations of this Complaint as though fully stated here, including the allegations of Counts I & II, except to the extent that they are in conflict with the allegations stated in Count III.

57.     Count III is pleaded in the alternative to Count I.

58.     Defendants, as the manufacturer of the ankle monitor, had a duty to design the ankle monitor to be free of flaws that cause injury in the product's expected use.

59.     Defendants' duties extended to Mr. Anderson as a reasonably foreseeable and expected user of the ankle monitor.

60.     Mr. Anderson's use of the ankle monitor was the expected use of the product.

61.     Defendants breached their duties to Mr. Anderson by designing the ankle monitor such that it had a proclivity to overheat, explode, or otherwise malfunction in such a catastrophic way as to cause injury to its wearer.

62.     The defective condition of the ankle monitor was the proximate cause of Mr. Anderson's injuries.

63.     The defective condition of the ankle monitor was the actual cause of Mr. Anderson's injuries.

64.     The ankle monitor could have been designed to have prevented the injury to Mr. Anderson.

8

65.    The alternative designs for the ankle monitor are cost-effective.

66.    For these reasons, Defendants are liable to Mr. Anderson for their negligence, pursuant to the Indiana Product Liability Act.

WHEREFORE, Plaintiff respectfully requests judgment in an amount that will fairly compensate him for the losses and damages he has and will sustain as a result of Defendants' actions, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

The Plaintiff respectfully demands a jury trial on all of his claims.

Respectfully submitted,

*/s/ Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
PAVLACK LAW, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

49D05-1906-CT-025442                                    Filed: 6/24/2019 4:12 PM
Marion Superior Court, Civil Division 5                                    Clerk
                                                                  Marion County, Indiana

STATE OF INDIANA ) MARION COUNTY CIRCUIT/SUPERIOR COURT
         ) SS:
COUNTY OF MARION ) CAUSE NO. _____

BLAIKE ANDERSON,  )
           )
  Plaintiff,    )
           )
v.          ) **JURY TRIAL DEMANDED**
           )
TRACK GROUP AMERICAS, )
INC., TRACK GROUP, INC., )
and EMERGE     )
MONITORING, INC.,   )
           )
  Defendants.   )

## APPEARANCE BY ATTORNEY IN CIVIL CASE

Party Classification:

  Initiating <u>X</u>   Responding ___    Intervening __

1. The undersigned attorney and all attorneys listed on this form now appear in this case for the following party member(s): <u>Plaintiff Blaike Anderson</u>

2. Applicable attorney information for service as required by Trial Rule 5(B)(2) and for case information as required by Trial Rules 3.1 and 77(B) is as follows:

  Eric S. Pavlack, #21773-49
  Colin E. Flora, #29914-49
  Pavlack Law, LLC
  50 E. 91st St., Ste. 317
  Indianapolis, IN 46240
  (317) 251-1100
  (317) 252-0352 *fax*
  *Eric@PavlackLawFirm.com*
  *Colin@PavlackLawFirm.com*

3. There are other party members: Yes __ No <u>X</u> (If yes, list on continuation page)

4. ***If first initiating party filing this case:*** the Clerk is requested to assign this case the following Case Type under Administrative Rule 8(b)(3): CT

5. I will accept service by FAX at the above-noted number: Yes __ No <u>X</u>

6. This case involves support issues. Yes __ No _X_
(If yes, supply social security numbers for all family members on continuation page)

7. There are related cases: Yes ___ No _X_ (If yes, list on continuation page)

8. This form has been served on all other parties.  Certificate of Service is attached:
Yes _X_ No ___.

9. Additional information required by local rule:

Respectfully submitted,

*/s/ Eric S. Pavlack*
Eric S. Pavlack, #21773-49
Colin E. Flora, #29914-49
Pavlack Law, LLC
50 E. 91st St., Ste. 317
Indianapolis, IN 46240
(317) 251-1100
(317) 252-0352 *fax*
*Eric@PavlackLawFirm.com*
*Colin@PavlackLawFirm.com*

2